IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JENNIFER HULTON,                          )
                                          )
                  Plaintiff,              )
                                          )
        v.                                )        C.A. No. 22-1584 (MN)
                                          )
ARTESIAN WATER COMPANY,                   )
                                          )
                  Defendant.              )

**<u>MEMORANDUM ORDER</u>**

At Wilmington, this 22nd day of May 2023;

On December 12, 2022, Plaintiff commenced this action by filing a form Complaint for Employment Discrimination against Defendant alleging discrimination based on Plaintiff's disability.  (D.I. 1).  On March 10, 2023, Defendant answered the complaint (D.I. 9) and on March 14, 2023, the Court issued a Scheduling Order setting deadlines for the joinder of parties and amendment of pleadings, discovery, and summary judgment motions (D.I. 10).

On April 27, Plaintiff filed a letter motion with a "request to deny deposition", a "request for case number 22-1584 records be sealed" and a request for "electronic access."  (D.I. 13). Defendant filed an opposition to the motion on May 12, 2023.  (D.I. 15)

Further, on May 16, 2023, Plaintiff filed a letter motion requesting (1) a two-week extension to provide responses to Defendant's interrogatories and requests for production and (2) "that the timeline in this case be expedited and the trial be moved sometime between July 24, 2023 – August 4, 2023."  (D.I. 17).  On May 16, 2023, Defendant filed a letter advising that it did not oppose the requested two-week extension, but believed Plaintiff miscalculated the due date for the discovery responses and that the two-week extension would extend the time until

May 31, 2023.  (D.I. 18).[1]  Defendant objects to the request to schedule the trial prior to summary judgment motions being filed.  (*Id*.).

The Court addresses each of Plaintiff's motions in turn below.

## I.      REQUEST TO DENY DEPOSITION

In her motion, Plaintiff asks to "be excused from any/all deposition requests by defendant" expressing concerns of "fairness" and "potential [] intimidation." (D.I. 13).  She also cites hardships for taking vacation days from work (she is a newer employee) and travel (she lives in Pennsylvania).  (*Id*.).  As an alternative, Plaintiff proposes that she will meet with Defendant's attorney for one (1) hour in her office or via videoconference, would answer previously agreed upon questions and that only Defendant's attorney and Plaintiff are present. (*Id*.).  Defendant opposes the motion.  (D.I. 15).

Plaintiff chose to bring this lawsuit.  As a result, she must either move forward to prosecute it or dismiss it.  Rule 30 of the Federal Rules of Civil Procedure allows for depositions by oral examination.  Defendant has noticed Plaintiff's deposition.  (D.I. 12).  As Defendant points out, Plaintiff's deposition testimony is essential to Defendant's efforts to defend this suit. Plaintiff's complaint includes multiple general allegations of discrimination, hostile work environment, and intimidation by Defendant.  To defend these claims, it is essential that Defendant has the opportunity to question Plaintiff on the details of the alleged wrongful acts. Plaintiff's refusal to attend a deposition would "severely impede[] Defendant's ability to prepare a trial strategy."  *Wiley v. Star Chrysler/Jeep LLC*, 2009 WL 410673, at *2 (D. Del. 2009).

---

[1]      In her letter motion, Plaintiff states that she received Defendant's interrogatories and requests for production via email on April 17, 2023 and requested a two-week extension "therefore making all deliverables due on May 31, 2023".  (D.I. 17).  She further states that she can provide Defendant's attorney with what she has on [May] 17 with the understanding that they would not be final responses.  Based on the entirety of the first paragraph of Plaintiff's letter motion, the Court believe that she is requesting an extension until May 31, 2023.

Prejudice occurs when a plaintiff's failure to prosecute burdens the defendant's ability to prepare for trial. *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222-23 (3d Cir. 2003). Plaintiff has not offered any facts to support her fears or that would otherwise justify excusing her from "any/all deposition requests."

As stated above, Plaintiff alternatively asks the Court to put certain restrictions on the deposition, all of which are contrary to the Federal Rules of Civil Procedure, the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware, and/or this Court's procedures.

For these reasons, Plaintiff's request to avoid a deposition will be denied.

## II.       REQUEST FOR CASE NUMBER 22-1584 RECORDS BE SEALED

Plaintiff's request for the case records to be sealed states, in its entirety:

> I am respectfully requesting that all records related to case number 22-1584 be made private and available only to the parties involved.

(D.I. 13, Section II).

There is a presumption of access to judicial records. *See In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001). A party seeking to seal a portion of the judicial record bears the burden of demonstrating that "'disclosure will work a clearly defined and serious injury to the party seeking disclosure,'" *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (citing *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)) and "[a] party who seeks to seal an *entire* record faces an even heavier burden." *Miller*, 16 F.3d at 551 (emphasis in original). In addition, for "the party seeking the closure of a hearing or the sealing of part of the judicial record[,] . . . [b]road allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *In re Cendant Corp.*, 260 F.3d at 194; *see also Jankowski v. Extendicare Homes, Inc.*, 436 F. App'x 66, 68 (3d Cir. 2011). Finally, "the strong common law presumption of

access must be balanced against the factors militating against access.  The burden is on the party who seeks to overcome the presumption of access to show that the interest in secrecy outweighs the presumption." *In re Cendant Corp.*, 260 F.3d at 194 (citing *Leucadia, Inc. v. Applied Extrusion Tech., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993)).

Plaintiff has failed to set forth any clearly defined and serious injury and has also failed to show any interest in secrecy that outweighs the presumption of access to judicial records.  Thus, she has not met the heavy burden that would be required to permit sealing this entire case. Therefore, Plaintiff's motion to seal the records of this case will be denied.

## III.    REQUEST FOR ELECTRONIC ACCESS

Plaintiff requests "the ability to access and transmit records electronically."  (D.I. 13, Section III).

Plaintiff is advised that, per the CM/ECF Registration/Training section of the Court's website, to receive authorization to file electronically, a *pro se* party must indicate in her motion that she has independently reviewed all of the materials and related topics on the Court's web site and that she has a PACER account.  As Plaintiff has not made these representations, her request for electronic access will be denied with leave to renew.

## IV.    REQUEST TO EXTEND TIME TO RESPOND TO DISCOVERY

Plaintiff requests as two-week extension to provide responses to Defendant's discovery requests, until two weeks after May 31.  As noted above, this request is unopposed by Defendant. Therefore, the motion will be granted and Plaintiff shall have until May 31, 2023 to respond to Plaintiff's interrogatories and requests for production.

## V.    REQUEST TO EXPEDITE TRIAL

Plaintiff requests that "trial be moved to sometime between July 24, 2023 – August 4, 2023" as she believes that "only when the Defendant is required to answer truthfully in a Court

of law will the truth be evident," to reduce the costs and time for both sides, and for her to dedicate her time to her foster daughter, who she plans to adopt in the October/November timeframe and, at that time, she may be required to move to Virginia.  (D.I. 17).  Defendant objects to this request because that would put trial before the deadline for filing summary judgment motions which is August 31, 2023 pursuant to the Scheduling Order (D.I. 10).  (D.I. 18).

Pursuant to the Scheduling Order in this matter, the discovery deadline is July 31, 2023 and the summary judgment briefing schedule is August 31, 2023 (opening briefs), September 21, 2023 (answering brief), and October 5, 2023 (reply briefs).  Pursuant to this Court's procedures, trials are not scheduled until four (4) months after briefing on summary judgment motions.  (*See* this Court's form scheduling orders posted at http://www.ded.uscourts.gov Chambers, Judge Noreika, Forms).

In addition, in reviewing the Court's calendar, the Court already has trials booked in the two weeks Plaintiff requests for trial.  Therefore, this request will be denied.

## VI.   **CONCLUSION**

THEREFORE, for the reasons set forth above, IT IS HEREBY ORDERED that:

1.      Plaintiff's request to deny deposition (D.I. 13 at Section I) is DENIED.

2.      Plaintiff's request for case number 22-1584 records be sealed (Id. at Section II) is DENIED.

3.      Plaintiff's request for electronic access (*Id*. at Section III) is DENIED WITH LEAVE TO RENEW.

4.      Plaintiff's request for an extension of time to respond to Defendant's first request for production of documents and first set of interrogatories is GRANTED.  Plaintiff shall have until May 31, 2023 to answer.

5.      Plaintiff's request for a trial in the July 24 to August 4, 2023 time period is DENIED.

_____
The Honorable Maryellen Noreika
United States District Judge