**IN THE UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF DELAWARE**

JENNIFER HULTON,    )
)
Plaintiff,    )
)
)
v.    )    C.A. No. 1:22-cv-1584-MN
)
)
ARTESIAN WATER COMPANY,    )
)
)

*COPY OF PRO SE Plaintiff's Response to Defendants claim of ProSe Plaintiffs deficiency's.*

**Responses**

      <u>Verification</u>: Federal Rule of Civil Procedure 33(b)(3) requires that interrogatories be answered under oath. This is typically accomplished through a verification. Please execute, in front of a notary public, the attached verification to indicate that the information you provided in your original and supplemental interrogatory responses is true and accurate. You should return a copy to me with your supplemental discovery responses. **Response: Please make advanced payment to 25 Jenners Vlg Ctr, West Grove, PA 19390 610-345-0970. Otherwise, this can be arranged during court.**

      <u>Interrogatory Response 8</u>: This interrogatory seeks a description of all ways in which you contend you have been injured or suffered damages. Your response is that you "[d]on't understand question, clarification required. Thinking same as question 5 in other document so please refer to that." I understand your response to refer me to the documents produced in response to Request for Production 5, which are limited to invoices from your prior counsel, Allen & Associates. However, Interrogatory 8 and Request for Production 5 are not the same, and seek distinct information. Specifically, Interrogatory 8 seeks a narrative description of all injuries and damages you allege you have suffered, regardless of whether they are documented in some other form. Your responses to Defendant's initial discovery requests do not identify *any* injuries or damages except itemized attorneys' fees. Please either (1) confirm that you are not seeking any damages beyond the attorneys' fees you paid to Allen & Associates or (2) provide a complete summary of all damages you are seeking and produce all documents in your possession, custody, or control that support your claim(s) for damages.

**Response: I will be seeking reimbursement for all costs associated to this case including time and any travel related to this. Reimbursement for financial losses, salary, bonuses, cost of cobra, injunctive, emotional destress including the harassment and bullying by the defendants and their representation, lawyer fees, lawsuit cost, litigation cost. At this time I am seeking $150,000 but as this case continues the cost will increase.**

      <u>Interrogatory Response 10</u>: This interrogatory seeks information regarding medical providers. You have brought a claim for disability discrimination. I further note that your Complaint alleges that Defendant's actions exacerbated your medical condition(s). Consequently, the information sought is clearly related to the claims and defenses at issue in this matter. In response to this interrogatory, you have identified a series of medical providers by name, with no attendant context. So that Defendant can fully investigate and defend your claims and alleged damages, please execute the enclosed medical release, to allow use to obtain copies of relevant medical records.

      **Response:  I have provided you with the requested medical information which**

includes who orders test.  Dr. Stoltzfus is my primary.  Dr. Handling was the surgeon.  I had limited association with other doctors listed while searching for the cause of my chronic pain.  I will not sign any medical release.

Interrogatory Response 13: This interrogatory seeks information regarding your efforts to find alternate employment following your termination from employment with Defendant. This relates directly to Defendant's affirmative defense that you failed to adequately mitigate your damages. To this end, you are required to disclose information regarding your efforts to seek alternate employment. Your privacy concerns do not alter your duty pursuant to Federal Rule of Civil Procedure 26(b)(1) to produce in discovery information "regarding any non-privileged matter that is relevant to any party's claim or defense." Please supplement your response to this request by providing all responsive information in your possession, custody, or control.

**Response:  I provided you with this information but will attach it again.  These are the same records I kept for the state of DE.**

Interrogatory Response 14: This interrogatory seeks information regarding your income received since your termination. Again, this relates directly to Defendant's affirmative defense that you failed to adequately mitigate your damages. You both failed to provide any responsive information in narrative form, and have failed to produce any payroll records, W-2s, or other documentation that would demonstrate your income since your termination. Similarly, you indicate that you received unemployment compensation in 2022, but did not produce any records related to such income. Please supplement your response to this request by providing a substantive written response disclosing all responsive information in your possession, custody, or control.

**Response:  I will be seeking reimbursement for all costs associated to this case including time and any travel related to this.  Reimbursement for financial losses , salary, bonuses, cost of cobra that I should have received, including loss of vacation, additional vacation pay invested retirement funds  by my 5 year anniversary a injunctive, emotional destress including the harassment and bullying of the defendants representation.**

Interrogatory Response 16: This interrogatory seeks information regarding your allegation that your supervisors did not provide you with material necessary for you to perform successfully in your role with Defendant. In response, you appear to have included screen shots of a spreadsheet summarizing your communications with Defendant's agents. Please (1) confirm that the information contained in that spreadsheet is a complete recitation of all such communications and (2) produce a complete copy of this document.

**Response:  With the defendant's known past of intimidation and harassment and witnessing the same for the defendant's representation I have not included all date/time records that I have.**

## II. Plaintiff's Response to Defendant's First Request for Production of Documents Directed to Plaintiff

Document Preservation: Please note that you are required to preserve copies of any and all non-identical records that are in your possession, custody, or control and which are in any way relevant to either party's claims or defenses. If you fail to take appropriate steps to preserve documents, Defendant may seek remedy from the court.
**Response:  Your insinuation that I would destroy anything is highly unwarranted and is nothing more than a tactic to deface my representation. I have a high standard of morals**

**and frankly I am extremely concerned that the defendant will not hide and destroy evidence as well as intimidate employees called during trial and prevent them from speaking honestly under oath.**

RFP Response 1: This request seeks information relating to documents you prepared that relate to the matters at issue in this litigation. You responded that you have provided excerpts of certain emails, but decline to produce the entire email. Federal Rule of Civil Procedure 34(b)(2)(E) requires that documents must be produced "as they are kept in the usual course of business" and with respect to electronic records, in the "form or forms in which it is ordinarily maintained." Consequently, you should produce the emails in their entirety, and not as screen shots. Please produce complete copies of all emails related to this matter and sought in this request or any subsequent request and which are in your possession, custody, or control consistent with this requirement.

**Response:  Knowing the defendant was constantly monitoring me and questioning me most of my stuff is screen shots and emails did not show completed. Getting the full email from the defendant will provide you with the full/uninterrupted email.**

RFP Response 2: This request seeks communications between you and Defendant's agents. Again, you indicate that you have produced screen shots including subject and dates of emails and nothing else. Please supplement your production as outlined above in RFP Response 1.

**Response:  Knowing the defendant was constantly monitoring me and questioning me most of my stuff is screen shots and emails did not show completed. Getting the full email from the defendant will provide you with the full/uninterrupted email.**

RFP Responses 3-4; 14; 17; 18; 29-30: These requests seek communications between you and third parties, as well as records that form the factual basis of your claims. Your response indicates that you have produced limited documentation, and omitted other records on the basis of privilege, including notes and "private texts." Your communications with third parties who are not attorneys or subject to another legally recognized privilege should be produced if they are responsive to these requests. Please either (1) identify the parties to each communication that you have withheld and the basis for the assertion of privilege or (2) produce all documents in your possession, custody, or control which are responsive to this request. Documents that are not privileged should be produced in the form in which they are ordinarily maintained and should not be redacted. This includes but is not limited to an original, unredacted copy of all communications included in your response to Request 17.

**Response:  I plan to raise with the judge. The defendant has a known history of bullying and intimidation of employees. I have been asked not to provide names. I also have serious concerns that providing this information that perspective witnesses will be intimidated to not speak freely and honestly. Frankly the defendants representatives bulling and intimidation tactics against a pro se plaintiff only heightens my concerns.**

RFP Response 5: This request seeks information regarding your damages. In response, you note that you were unemployed for 99 days. You do not, however, produce any documentation related to your alleged losses except invoices from your prior counsel. Please produce all documents in your possession, custody or control that are responsive to this request.

**Response:  I provided you all relevant information, the damages being sought**

RFP Response 7: This request seeks information regarding alleged changes to your terms and conditions of employment. Your response appears to rely upon the screen shot images addressed above. Consequently, please supplement this response as outlined in RFP Response 1.

**Response:  Knowing the defendant was constantly monitoring me and questioning me most of my stuff is screen shots and emails did not show completed. Getting the full email from the defendant will provide you with the full/uninterrupted email.**

RFP Responses 8-9: These requests seek medical records related to your claims. You have produced limited medical records which appear to have been redacted. The information redacted appears to include details directly related to medical treatment. Please produce unredacted copies of all records. Any PII will be redacted by defense counsel if any documents are filed publicly on the docket, in accordance with the Court's rules.

**Response:  I provided you with everything, I did not remove anything that wasn't PII related, I removed DOB, age.  Again the your continued bullying and intimidation and insinuation in attempt to defame me is unacceptable.**

RFP Response 11: This request seeks telephone records. You respond that you have subpoenaed the records sought. However, a subpoena is not required to gather your personal phone and text logs, which are available online through your account. Please produce the requested documentation promptly.

**Response:  Again, your implication is unacceptable. I received a letter from Verizon which states a subpoena is required.  You will receive a copy when I email the judge but you could more easily and quickly get what you want from your defendant.**

RFP Responses 19-20; 22: These requests seek information related to your past and current income. You have objected on the basis that the information sought is not relevant. However, you have asserted claims that you have lost income as the result of Defendant's alleged actions. Consequently, Defendant is entitled to inquire into the source(s) of your past and current income, to explore whether you have, in fact, suffered any compensable losses. Please produce unredacted copies of all documents in your possession, custody, or control which are responsive to these requests.

**Response:  I will be seeking reimbursement for all costs associated to this case including time and any travel related to this.  Reimbursement for financial losses , salary, bonuses, cost of cobra that I should have received, including loss of vacation, additional vacation pay invested retirement funds  by my 5 year anniversary a injunctive, emotional destress including the harassment and bullying of the defendants representation.**

RFP Response 21: This request seeks documents related to your efforts to find comparable employment following your termination from employment with Defendant. You have produced screen shots of various positions for which you purport to have applied. I note these documents are largely illegible. You did not produce actual copies of the relevant documents, nor did you produce any correspondence between you and any third parties related to your efforts to find comparable employment, applications, resumes, or similar materials. Further, you have objected to the production of such information on privacy grounds. As discussed in more detail, above, your privacy concerns do not override the requirement of Federal Rule of Civil Procedure 26(b)(1), which allows discovery into "any non-privileged matter that is relevant to any party's claim or defense . . ." Further, you are required to produce information in the form in which it is ordinarily maintained, as opposed to selective screen shots. Please supplement your production

in line with the foregoing.

**Response:   I provided you with this information but will attach it again.   These are the same records I kept for the state of DE. Also noted this is again a duplicate question.**

RFP Responses 23-25: These requests seek information related to expert  witnesses. In response to these requests, you indicate that you have responsive information but it  has been withheld on the basis of privilege. As a threshold matter, please clarify whether you  have retained any expert witnesses. If you have, please either (1) identify the basis for the  assertion of privilege or (2) produce all documents in your possession, custody, or control which  are responsive to this request.

**Response: At this time plaintiff will request judge to call/subpoena following people: Carmen Hunter, Patti Cumpston, Ray Kelly, Pierre Anderson, Dean Haggins, Diane Taylor, Elaine and Thomas from Customer Service, Jocelyn Beland, Marlon Palmer, Wes Peters, Tom Hoffkin, Phil Harrington, Dan Fraizer, Debbie Brodie, Sharon Gatta, Melissa Essick, Laurie Shahan.  Plaintiff reserves the right to call additional persons after reviewing requested defendants' documents.**

## III. Plaintiff's Deposition

With respect to scheduling your deposition, I note that you have not responded to my email of May 25, sent at 2:48 p.m. In light of the foregoing deficiencies, I cannot proceed with your deposition on June 8. The deficiencies in discovery response and document production will not allow for a full examination of the issues raised in your Complaint or Defendant's affirmative defenses. Please let me know your availability for the alternate dates I have offered in July, and I will re-notice your deposition accordingly.

**Response: Defendants representation has been extremely unaccommodating and difficult and frankly threating with this request.**

**Jennifer Hulton**

**06/10/2023**